UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARGARETTE GARCIA,
          Plaintiff,

v.                           Case No. 12-C-203

CREDITORS COLLECTION SERVICE, INC.,
          Defendant.

## ORDER DENYING LEAVE TO FILE MOTION FOR ATTORNEYS' FEES AND COSTS INSTANTER

On April 5, 2012, the plaintiff accepted the defendant's offer of judgment for $1,000 in statutory damages, $500 in actual damages, and "costs and attorney's fees, if any, to be determined by the court." (Docket No. 12.) The following day, the court entered judgment accordingly. (Docket No. 13.) On June 12, 2012, the plaintiff filed a motion for leave to file a motion for attorney's fees instanter, (Docket No. 14), and a motion for attorney's fees, (Docket No. 15). The court suspended briefing on the motion for attorney's fees pending resolution of the motion to file instanter. The defendant has responded to the motion to file instanter, (Docket No. 16), and the plaintiff has replied, (Docket No. 17). Accordingly, the pleadings on the motion are closed and the matter is ready for resolution.

In accordance with Fed. R. Civ. P. 54(d)(2)(B) and Civ. L.R. 54(a)(1), the plaintiff had 14 days from the date of the entry of judgment in which to request costs and attorney's fees. The plaintiff did not file the present motion until June 12, 2012, some 67 days after judgment was entered and 53 days after any such motion was due on April 20, 2012.

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), after a deadline has passed, the court may extend the deadline "if the party failed to act because of excusable neglect." The concept of excusable neglect

"is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). It exists only when "the actions leading to the default were not willful, careless, or negligent." Johnson v. Gudmundsson, 35 F.3d 1104, 1117 (7th Cir. 1994) (quoting C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1206 (7th Cir. 1984)). Relevant factors courts should consider include "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." Sherman v. Quinn, 668 F.3d 421, 425 (7th Cir. 2012). Courts have considerable discretion when making the equitable determination as to whether a party's neglect in failing to comply with a deadline was excusable. Keeton v. Morningstar, Inc., 667 F.3d 877, 884 (7th Cir. 2012) (citing Gonzalez v. Ingersoll Milling Mach. Co., 133 F.3d 1025, 1030 (7th Cir. 1998); Reales v. Consolidated Rail Corp., 84 F.3d 993, 996 (7th Cir. 1996)); see also Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer Inv. Servs, 507 U.S. at 392.

Counsel for the plaintiff states that he contacted the defendant on May 3, 2012 in an effort to agree upon an amount of attorney's fees and costs but efforts were unsuccessful. (Docket No. 14.) Counsel for the plaintiff renewed his efforts on May 18, 2012 and after certain exchanges, plaintiff's counsel made "one final attempt" to resolve the attorney's fees and costs issue on June 1, 2012. The defendant made no effort to respond.

Plaintiff's counsel states that he mis-calendared the deadline for filing a motion for attorney's fees and costs because he mistakenly believed this matter was pending in the Northern District of Illinois, where the parties' respective law firms have litigated a number of prior cases. Thus, plaintiff's counsel thought he had the 90 days permitted under the Northern District of

2

Illinois' local rules in which to file a motion for attorney's fees. The defendant opposes the plaintiff's motion to file instanter, noting that the deadline for filing a motion for attorney's fees had long since passed by the time plaintiff's counsel initiated any effort to work out an agreement on the issue.

The court recognizes that sometimes mistakes happen and the court understands the circumstances that led to counsel's mistake in this action. But not every mistake, not even every reasonable mistake, is the result of excusable neglect. Here, counsel's action, or inaction, was not the result of excusable neglect.

In this case, the Federal Rules of Civil Procedure provide that a motion for attorney's fees must be filed no later than 14 days after entry of judgment. This means that 14 days is the default requirement "unless a statute or court order provides otherwise." Accordingly, it is incumbent upon the party seeking attorney's fees to determine whether a court order, i.e. local rules, provide otherwise. Consequently, this is a most important calendaring event, not to be taken lightly.

While differing local rules can create pitfalls for attorneys practicing in multiple districts, these are traps only for the attorney who is unwary. Although the Northern District of Illinois is the federal court where plaintiff's counsel most frequently appears, he is no stranger to this district. Court records indicate that since 2008, counsel has appeared in forty-one cases in this district. Moreover, according to Pacer records, counsel has appeared in hundreds of cases in district courts across the country including cases in the Eastern District of Arkansas, Western District of Arkansas, Central District of California, Eastern District of California, Northern District of California, Southern District of California, District of Colorado, Southern District of Florida, Middle District of Georgia, Northern District of Georgia, Southern District of Georgia, Northern District of Iowa, Central District of Illinois, Southern District of Illinois, Northern District of Indiana, Southern District of Indiana, District of Kansas, Eastern District of Michigan, Western District of Michigan,

3

District of Minnesota, Eastern District of Missouri, District of Nebraska, Eastern District of New York, Western District of New York, Eastern District of Washington, and Western District of Wisconsin. An attorney with so much experience litigating in so many district courts should be especially mindful of the importance of keeping track of where a case is pending and being fully aware of the rules that will govern that case.

It is of little significance that some portion of the delay was a result of plaintiff's counsel attempt to work out an agreement with the defendant. As the defendant observes, it was not until long after the deadline for filing a motion for attorney's fees had passed that these efforts began. And while the court recognizes that there is little risk of prejudice to the defendant (after all, the defendant settled this matter with the understanding the court would later determine costs and attorney's fees), the mere absence of prejudice does not establish excusable neglect.

Whether counsel's failure to act in a timely manner is characterized as negligence, inadvertence, or a misunderstanding with respect to the deadline for filing a motion for costs and attorney's fees, it was clearly not the result of excusable neglect. Therefore, the motion to file instanter, (Docket No. 14), shall be denied and the motion for attorney's fees, (Docket No. 15), shall be stricken.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to file instanter, (Docket No. 14), is hereby **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for attorney's fees, (Docket No. 15), is hereby **stricken**.

Dated at Milwaukee, Wisconsin this 10th day of July, 2012.

AARON E. GOODSTEIN
U.S. Magistrate Judge